The State of Ohio v. Counts et al.

[Cite as State v. Counts (1972), 32 Ohio Misc. 220.]

(No. 12756 et al—Decided June 26, 1972.)

Common Pleas Court of Allen County.

*Mr. William J. Brown*, attorney general, and *Messrs. Nicholas Curci* and *Mr. Stephen Parisi*, for plaintiffs.
*Messrs. Navarre, Rizor, Dapore & Allen*, for defendants.

McCRYSTAL, J. This cause[1] came on to be heard in open court on June 9, 1972, on the defendants' motions to dismiss the indictments, which motions were filed May 15, 1972, and the State of Ohio's motions for a change of venue filed June 8, 1972, with the exhibits, oral arguments and briefs filed by all parties.[2]

--------

[1] By agreement and stipulation of counsel for the defendants and the State made in open court in the presence of the defendants, the two motions in question apply to all of the above numbered cases in the Court of Common Pleas of Allen County, Ohio.

[2] The transcripts of in-court and in-chambers proceedings recorded by the Official Court Reporter appointed by this court are incorporated herein and made a part of the official record of these proceedings,

After due consideration, the court submits the following

FINDINGS OF FACT:

1. The defendants and the State of Ohio have each stated in their motions and briefs and for the record in open court through their respective counsel, that a fair and impartial jury trial cannot be held in Allen County, Ohio, and as a result thereof the defendants move for a dismissal of all indictments and the State for a change of venue.

2. After an evaluation of the evidence presented by the defendants and the State and the records of the Court of Common Pleas of Allen County in the above cases, this court finds that based on all the credible evidence, the defendants and the State of Ohio each would be denied the protection of Article I, Section 10 of the Constitution of the State of Ohio by being required to have a trial by jury in Allen County.

3. That the State of Ohio and the defendants, their respective legal counsel, partisans, official or unofficial representatives, and the news media, whether intentionally or not, have all contributed to the creation of a condition in Allen County in which a prospective juror would find it most difficult, if not impossible, to detach himself from the atmosphere of prejudice for or against the respective parties.

4. This court agrees with the statements made in the briefs of the State and the defendants that the prejudicial atmosphere that now exists in Allen County cannot be alleviated by the exercise of peremptory challenges or challenges for cause.

After due consideration to the briefs filed on behalf of the respective parties, the court makes the following

CONCLUSIONS OF LAW:

1. Article I, Section 10 of the Constitution of the State of Ohio is a mandate to the judicial branch of the government of the State to guarantee *all parties* to a criminal proceeding a fair and impartial jury trial.

2. Article I, Section 10 of the Constitution of the

State of Ohio does not prohibit a court from granting a change of venue to the state in any criminal proceedings wherein it is shown that the requirements of R. C. 2931.29 have been satisfied.

3. The Sixth Amendment of the Constitution of the United States does not prohibit change of venue being granted to the executive branch of any state government in a criminal proceeding.

4. The Constitution of the United States, the Constitution of the State of Ohio and the statutes of the State of Ohio create no authority in this court to dismiss indictments returned by a properly constituted Grand Jury in this State solely on the grounds that the defendants cannot receive a fair and impartial jury trial in the county where the alleged crime is claimed to have been committed.

5. R. C. 2931.29 requires this court to order a change of venue when the evidence before it clearly shows that a fair and impartial trial cannot be held in the county where the cause is pending.

The defendants' motions for dismissal of the above indictments are overruled and the State of Ohio's motion for change of venue is granted and venue herein is hereby changed to the County of Erie.

In order to ease the administrative burden on the Clerk of Courts of Allen County and Erie County, pending final appellate review of the order of this court filed herein, the Clerk of Courts of Allen County shall make a certified transcript of the proceedings in Case No. 12757, *State of Ohio* v. *Gordon*, and transmit the same to the Clerk of Courts of Erie County.

All pending motions of the defendants and the State relative to contempt of court proceedings are continued.

## MEMORANDUM

The issues involved in the respective motions filed by the parties herein raise serious constitutional questions. Some of the issues would appear to be a matter of first impression in this state. While this court is assured that all counsel will adequately present these issues to the Court

of Appeals and the Supreme Court of Ohio, we do feel compelled to briefly express our reasons for ruling as we have today.

Much argument has been presented relative to the interpretation of Article I, Section 10 of the Constitution of the State of Ohio, wherein it refers to * * * a speedy public trial by an impartial jury of the County in which the offense is alleged to have been committed; * * *," and the provisions of R. C. 2931.29. It is the opinion of this court that the few Ohio cases that discuss the precise questions raised here, upon review, support the ruling of this court.

This court views Article I, Section 10 of the Constitution of the State of Ohio and R. C. 2931.29 as having a more far reaching meaning than to merely place a technical tool in the hands of defense attorneys in criminal cases to use when and where they decide is the most advantageous time. The right to a trial by a fair and impartial jury is not the sole property of a defendant charged with a crime. This constitutional guarantee is a right that also belongs to the executive branch of the State of Ohio, acting through its Attorney General and respective County Prosecutors, the victims of alleged crimes and all others who have an interest in the outcome of a criminal trial in this state. To accord this constitutional guarantee a more limited meaning would require a court to order a trial conducted in a county where that court had previously determined a fair and impartial trial could not be held. Such a procedure would mock our criminal justice system.

It is apparent to this court that the only means open to the defendants and the state to secure a fair and impartial jury trial is to transfer the cases to another county. Upon removing these trials from the prejudicial atmosphere, a fair and impartial trial will best be guaranteed by issuing fair trial orders based upon the approved draft of the American Bar Association *Project on Minimum Standards for Criminal Justice: Standards Relating to Fair Trial and Free Press.*

This court has, on the motion of the defendants, re-

considered its oral findings of June 9, 1972, in light of the per curiam opinion of the Court of Appeals of Allen County filed June 12, 1972[8] wherein that court denied the defendants the alternative writs of prohibition prayed for. This court is not persuaded by the statements made by the Court of Appeals after it found it had no jurisdiction to issue the alternative writs and dismissed the defendants' petition. This court believes that in the interest of justice to all parties, if the decision of this court is to receive appellate review, that review should come from a Court of Appeals which has not prematurely offered an opinion prior to having obtained jurisdiction. Accordingly, the venue is being changed to a county outside the jurisdiction of the Third Appellate Judicial District of Ohio.

---

[8]*State of Ohio, ex rel. Counts, et al.* v. *Brown, Attorney General, et al.*, Case No. 1-72-30, Allen County Court of Appeals, June 12, 1972.